## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CURTIS ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 08-2101-CM |
| ISORAY MEDICAL, INC., LORI ) | |
| WOODS, and ERIC KNIPFER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM AND ORDER

This action arises out of the termination of an employment agreement between plaintiff Curtis Ellis and defendant Isoray Medical, Inc. ("Isoray"). Defendant Isoray and the other defendants filed a partial motion to dismiss or for summary judgment on April 21, 2008. Plaintiff responded to the motion, and defendants filed a reply brief. In defendants' reply brief, defendants identified perceived deficiencies in plaintiff's response, specifically noting that plaintiff did not address defendants' statement of uncontroverted facts or offer any evidence to contest the summary judgment portion of defendants' motion. Eleven days after receiving defendants' reply, plaintiff filed Notice of Motion of Plaintiff Curtis Ellis for Leave to File a Surreply or in the Alternative, to Supplement Plaintiff's Opposition (Doc. 15).

Plaintiff asks the court to allow him to file a surreply or supplement his response brief because defendants "clarified" their motion as one pursuant to Rule 56 in their reply brief. He seeks leave to file an additional pleading that would respond to defendants' statement of facts and include a Rule 56(f) affidavit in support of plaintiff's allegations.

The court's Local Rules do not contemplate the filing of surreplies. *See* D. Kan. R. 6.1(d); *see also Sheldon v. Charles Schwab & Co.*, No. 98-2277-JWL, 2000 WL 33911222, at *3 (D. Kan.

Sept. 27, 2000). Generally, the District of Kansas does not permit surreplies. *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004) (citation omitted); *see also ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4239453, at *7 (D. Kan. Nov. 30, 2007) (noting that "surreplies are disfavored" and finding "no reason for departing from the general rule") (citation and internal quotation marks omitted). The court allows surreplies only in "rare circumstances as where a movant improperly raises new arguments in a reply." *King v. Knoll*, 399 F. Supp. 2d 1169, 1174 (D. Kan. 2005) (citations omitted). "Such rules are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word." *McShares v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997).

Defendants' reply brief does not exceed the scope of the issues raised in defendants' motion or plaintiff's response. Both defendants' motion and defendants' reply brief plainly seek relief pursuant to Rule 56. Moreover, plaintiff's response brief recites the standards for summary judgment and repeatedly refers to those standards. This indicates that plaintiff understood the relief that defendants seek, but consciously chose not to address it in more depth. Plaintiff fails to offer a valid reason why he could not have previously presented the arguments and evidence now proposed in his surreply. He fails to meet the standard required to file a surreply.

Plaintiff also has not shown good cause why the court should allow him to supplement his response brief. *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) (requiring extraordinary circumstances and good cause to file a post-reply brief) (citing *Mike v. Dymon, Inc.*, No. 95-2405-EEO, 1996 WL 427761, at *2 (D. Kan. July 25, 1996). Plaintiff is represented by counsel. He does not claim that he mistakenly forgot to attach the Rule 56(f) affidavit or that he accidentally filed the wrong brief. Instead, plaintiff attempts to place the blame

on defendants for being unclear about their request for relief.  Plaintiff's approach is not well-taken.  Defendants' request is clear on the face of the motion.  To allow plaintiff to rewrite his response brief now because of initial oversight or miscalculation would prejudice defendants, who fairly expected finality in the briefing and tailored their reply brief to plaintiff's earlier response.  Plaintiff has not given the court a valid reason to exercise its discretion to permit supplementation of plaintiff's response.  *See Turner v. Reynolds Ford, Inc.*, No. 97-6152, 1998 WL 234540, at *7 (10th Cir. May 11, 1998) ("Whether to allow a party to supplement a summary judgment response is ordinarily subject to the trial court's discretion." ) (citation omitted).

**IT IS THEREFORE ORDERED** that Notice of Motion of Plaintiff Curtis Ellis for Leave to File a Surreply or in the Alternative, to Supplement Plaintiff's Opposition (Doc. 15) is denied.

Dated this 11th day of July 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**