**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CURTIS ELLIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 08-2101-CM |
| **ISORAY MEDICAL, INC., LORI WOODS,** ) | |
| **and ERIC KNIPFER,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Curtis Ellis brings this action against defendants Isoray Medical, Inc. ("Isoray"), Lori Woods, and Eric Knipfer, alleging a number of claims arising out of the termination of his employment and his subsequent denial of unemployment benefits. The case is before the court on Defendants Isoray Medical, Inc., Lori Woods, and Eric Knipfer's Partial Motion to Dismiss or for Summary Judgment (Doc. 5). In their motion, defendants ask the court to dismiss or grant summary judgment on all but two of plaintiff's claims—the claims for breach of contract and quantum meruit against defendant Isoray. For the following reasons, the court grants defendants' motion in part and denies it in part.

**I.     Factual Background**

Plaintiff began working as a sales manager for defendant Isoray in August 2005 pursuant to a three-year employment agreement. He was paid a base salary and was eligible to earn quarterly bonuses. In March 2007, defendant Knipfer placed plaintiff on a Performance Improvement Plan ("PIP"). Defendant Isoray then terminated plaintiff's employment on May 1, 2007. On May 23, 2007, defendant Isoray sent plaintiff a vacation pay-out check. Defendants Woods and Knipfer both

signed declarations under penalty of perjury in which they stated that they believe and understand that plaintiff was paid all amounts due for his services performed for defendant Isoray. Neither defendant, however, made that statement based on personal knowledge.

Plaintiff applied for unemployment benefits from the Kansas Department of Labor ("KDL"). The KDL requested information from defendant Isoray, and Human Resources Manager Janet Swanberg responded on behalf of the company. She answered questions on a KDL form entitled "Employer's Separation Statement" and submitted documents relating to plaintiff's employment and termination of employment. The KDL denied plaintiff's request for benefits.

**II.    Standards for Judgment**

A.    Motion to Dismiss

This court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face . . . or when an issue of law is dispositive ." *Meyer v. Christie*, No. 07-2230-JWL, 2007 WL 3120695, at *4 (D. Kan. Oct. 24, 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court construes any reasonable inferences from these facts in favor of plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

B.      Motion for Summary Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

**III.    Discussion**

A.      Count III - Violation of the Kansas Wage Payment Act

In Count III, plaintiff claims that defendant Isoray did not pay him wages, compensation, commissions, bonuses, and benefits that defendant Isoray owed him at the time of his termination. Kansas law requires that employers pay discharged employees all earned wages by the next regular payday upon which he or she would have been paid if still employed. *See* K.S.A. § 44-314. Defendant Isoray submitted evidence that it paid plaintiff for his accrued vacation. Defendants Woods and Knipfer declared that they did not believe that plaintiff was owed any additional payments. Plaintiff rests on his argument that the court "must assume as true all well pleaded facts in the complaint and view them in a light most favorable to the plaintiff."

Plaintiff would be correct if defendants had merely asked the court to dismiss the complaint. But defendants alternatively moved for summary judgment, which means that if they come forward with evidence showing that they are entitled to judgment as a matter of law, plaintiff must show that

-3-

there is a genuine issue of material fact for trial.

In this instance, plaintiff's claim survives. Although plaintiff did not present evidence of his own, defendant's evidence does not show that it is entitled to summary judgment. Defendants Woods's and Knipfer's statements are not based on personal knowledge, and the court is unwilling to grant summary judgment merely on the "belief and understanding" that plaintiff was paid all he was due.

The court further determines that defendant Isoray is not entitled to dismissal of this claim under the standards for a motion to dismiss. Plaintiff provided a "short and concise statement" of the claim sufficient to satisfy Fed. R. Civ. P. 8 and *Twombly*.

B.  Counts IV and VI - Defamation and Tortious Interference

Plaintiff claims that defendants committed the torts of defamation and tortious interference when they intentionally made false statements to the Kansas Department of Labor when plaintiff sought unemployment benefits. Plaintiff, however, fails to acknowledge that statements made in connection with unemployment compensation proceedings are absolutely privileged. *See Wilkinson v. Shoney's, Inc.*, 4 P.3d 1149, 1169 (Kan. 2000); *see also Clear Water Truck Co. v. M. Bruenger & Co.*, 519 P.2d 682, 685–86 (Kan. 1974) (holding that statements given in the course of quasi-judicial administrative proceedings are absolutely privileged). Defendants are entitled to dismissal of these claims.

C.  Counts V and VIII - Wrongful Discharge and Retaliatory Discharge

Plaintiff claims that defendant Isoray fired him because he communicated the terms of his performance improvement plan to customers and co-workers. According to plaintiff, this action was retaliatory and in violation of public policy.

Counts V and VIII fail because Kansas has only recognized causes of action for wrongful or

retaliatory discharge in three situations: (1) when an employer terminates an employee because he asserted workers' compensation rights; (2) when an employer terminates an employee for whistleblowing; and (3) when an employer terminates an employee for exercising his rights under the Federal Employers Liability Act. *Hysten v. Burlington N. Santa Fe Ry. Co.*, 108 P.3d 437, 440, 443–44 (Kan. 2004). Plaintiff's claims do not involve any of these situations or otherwise involve a clearly-defined public policy. *See Palmer v. Brown, M.D.*, 752 P.2d 685, 689 (Kan. 1988) (holding that a public policy cannot be determined on a subjective basis, but "should be so thoroughly established as a state of public mind so united and so definite and fixed that its existence is not subject to any substantial doubt."). Plaintiff fails to state a claim for wrongful or retaliatory discharge.

D.   Count VII - Respondeat Superior

In Count VII, plaintiff alleges a stand-alone claim of respondeat superior. But respondeat superior is not cognizable as a stand-alone claim; rather, it is a method by which to prove another claim. *See Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 43–44 (D.D.C. 2007) ("*Respondeat superior* is not itself a cause of action or a cognizable legal claim.") (citations omitted); *Charlton v. Ardent Health Servs., LLC*, No. 06-CV-0190-CVE-FHM, 2006 WL 1836048, at *4 (N.D. Okla. June 30, 2006) ("Respondeat superior is a legal doctrine whereby employers may be held liable for actions of their employees. . . . The doctrine of respondeat superior does not establish a right of action separate from an underlying tort."). The court therefore dismisses Count VII as an individual claim, but does not strike the allegations that defendant Isoray is liable for the acts of its agents, officers, directors, and/or employees.

**IT IS THEREFORE ORDERED** that Defendants Isoray Medical, Inc., Lori Woods, and Eric Knipfer's Partial Motion to Dismiss or for Summary Judgment (Doc. 5) is granted in part and

denied in part. The court dismisses Counts IV through VIII. Defendants Woods and Knipfer are dismissed from this action.

Dated this 22nd day of August 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**